[No. 12713.   Department One.   July 20, 1915.]

HAL H. WILLIAMS, *as Jones & Williams, Appellant,* v.
LINDENBERGER PACKING COMPANY, INCORPORATED,
*Respondent.*[1]

DISMISSAL AND NONSUIT — FAILURE TO AMEND — ISSUES UNDETER-
MINED. Where the plaintiff alleged three several items of damages
from breach of contract, and was ordered to make the complaint
more definite and certain in one particular only, it is error, on mo-
tion to strike the amended complaint for failure to properly comply
with the order, to dismiss the action, since an issue was tendered
as to the other items.

APPEAL — ORDERS REVIEWABLE — DEMURRER — FINAL ORDERS.   Where
a motion to strike an amended complaint alleging three several
items of damages from breach of contract was treated and argued
as a demurrer to one of the items only, the supreme court will not
review the judgment thereon, so long as any issue tendered has not
been disposed of on the merits.

DISMISSAL AND NONSUIT — FAILURE TO AMEND — ISSUES.   Where a
motion to strike an amended complaint alleging two several items
of damage was treated as a demurrer to one of the items, failure to
plead over does not subject the plaintiff to a dismissal, as for con-
tumacy in refusing to comply with the order to strike; since he was
entitled to go to trial on the remaining items.

APPEAL — DECISIONS APPEALABLE — AMOUNT IN CONTROVERSY.   An
appeal from a judgment dismissing an action, for contumacy in
failing to comply with an order to strike one item of the complaint,
will not be dismissed as involving only costs and less than $200,
where there was real error, in that other parts of the complaint
tendering an issue were improperly disposed of.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 20, 1915, dismissing
an action on contract, upon granting a motion to strike the
amended complaint.   Reversed.

*Winfield R. Smith,* for appellant.
*Jones & Riddell,* for respondent.

[1]Reported in 150 Pac. 432.

CHADWICK, J.—Plaintiff begun this action, alleging three several items of damages growing out of an alleged breach of contract. Defendant moved to strike certain parts of the complaint as irrelevant and immaterial and as too indefinite to be sustained by proof, and also moved to make the complaint more definite and certain in enumerated particulars.

The motion to make more definite and certain came on for hearing, and the court ruled that "the motion to make more definite and certain is granted as to the sixth paragraph and denied as to the remainder." Plaintiff thereafter amended. In the amended complaint, paragraphs five and six are made as one and numbered five. Defendants moved to strike the amended complaint upon the ground that the matters set forth in paragraph five of the amended complaint were the same matters contained in paragraph six of the original complaint, and that they had been so pleaded in open defiance of the order of the court. The matter coming on for hearing, the court sustained the motion, and plaintiff refusing to plead further, the court entered a judgment in which it is recited that, whereas,

"The plaintiff reserved an exception to the order of the court and took leave to amend his complaint, and since said time has served an amended complaint in which amended complaint the plaintiff inserts as a part of paragraph five of said amended complaint the matters set forth and stricken from paragraph six of the original complaint, which were originally stricken by this court from the original complaint; and it fully appearing to this court from the pleadings and the argument of counsel for the plaintiff that such amendment to the original complaint was made in contempt of the order and ruling of this court as heretofore made striking paragraph six of the original complaint, to which ruling of this court objection was made and exception reserved. Now then, this court duly finds that such amended complaint was served and filed for the express purpose of stating therein among other things, the matters which had been originally stricken from the original complaint and is contumacious. Therefore, the motion to strike such amended complaint is hereby granted.

"It is further ordered, adjudged and decreed that this action be dismissed and the defendant Lindenberger Packing Company Inc., recover of the plaintiff its costs and disbursements herein to be regularly taxed as provided by law."

Plaintiff has appealed to this court and has set up three several matters for our consideration. First: That his conduct was not contumacious; second, that, if so, the court had no jurisdiction to dismiss the complaint and thus penalize a lit-. igant in a civil action because of the contumacy of his counsel; and third, that the matter stricken was properly pleaded and is a statement of a just cause of action.

We are not disposed to follow counsel in his discussion of the law of contempt and the question of the court's power to dismiss an action because of the contumacy of counsel, nor will we go into the merit of the stricken allegation. In any event, the court should not have dismissed the action. A motion directed against two of the items of damages had been previously overruled. They were still before the court and had not been attacked by demurrer. They tendered an issue, had the defendant cared to deny them in law or in fact. Whatever this court might hold upon final appeal as to the relevancy and materiality of paragraph six, it is enough to say that this is not a court of first instance. We do not settle pleadings, and we will not review the judgment or discretion of the trial court upon an appeal from a motion to dismiss as it were upon a refusal to plead over after a demurrer—the motion to strike is treated and argued as a demurrer—so long as any issue is tendered and has not been by the trial court disposed of upon its merits.

This case will be remanded with instructions, in the event that appellant does not see fit to amend so as to meet the views of the trial judge, to frame an issue of law or fact upon the remaining allegations of causes of action and render a judgment upon the merits.

We have considered the motion as a demurrer, and the situation of appellant as one who has refused to plead over

after a demurrer has been sustained. As before said, the parties have treated the motion as such, and the court struck the matter alleged to be indefinitely pleaded on the theory that it did not state a cause of action. In passing, we believe it is not out of place to say that the issue sought to be raised by respondent should have been raised by demurrer rather than by motion. We think appellant should have met the views of the trial judge, allowed the matter to be stricken, and gone to trial upon the remaining items of damage, contenting himself to raise the question of the sufficiency of his pleading on appeal.

The parties will pay their own costs in this court.

Respondent has moved to dismiss the appeal because the amount involved is no more than the costs, and that these are less than $200. If this were all, there might be merit in the motion, but there being real error, in that parts of the complaint held good have been improperly disposed of, we think the merit of the case is so far involved as to compel us to overrule the motion.

Remanded.

MORRIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.